CITY OF STRONGSVILLE, APPELLEE, v. GRABER, APPELLANT.

(No. 52473—Decided November 2, 1987.)

*Joseph Gambino,* for appellee.
*Rex W. Miller,* for appellant.

WIEST, J. Defendant-appellant, Keith Graber, was convicted of two counts of violating Strongsville City Ordinance Section 626.06(a), which prohibits the open storage of unlicensed vehicles for more than fifteen days. After a trial to the court, the defendant was convicted and fined $100 plus costs on each count. The fines were suspended on the condition that the vehicles be removed within five days. This appeal followed.

Assignment of Error I

"The trial court erred in overruling defendant's motion to dismiss prior to trial because, as applied, the subject ordinance bears no substantial relation to the promotion of the health, safety, morals and welfare of the citizens of the City of Strongsville and is therefore unconstitutional."

The subject ordinance is a valid exercise of the police power of the state and is not unconstitutional as applied. *State* v. *Buckley* (1968), 16 Ohio St. 2d 128, 45 O.O. 2d 469, 243 N.E. 2d 66.

This assignment of error is overruled.

Assignment of Error II

"The trial court erred in admitting plaintiff's Exhibit One. Exhibit One

was the notice required by the ordinance and consisted of a letter addressed to Keith Graber and a return receipt signed for by Jane Graber."

The court did not abuse its discretion in admission of this exhibit.

This assignment of error is overruled.

### Assignment of Error III

"The trial court's judgment upon conclusion of the trial was against the manifest weight of the evidence."

This assignment of error is well-taken for the simple reason that there was no evidence presented that the defendant was the person who stored or permitted the disabled vehicles to be stored for more than fifteen days at 18560 Meadow Lane.

In every criminal case, the state must prove that the defendant is the person who committed the offense. The record in this case is devoid of any proof of this element.

Therefore, this assignment of error is well-taken.

### Assignment of Error IV

"The trial court judgment upon conclusion of the trial was contrary to law for the reasons that (1) the elements of the offense were not proven beyond a reasonable doubt, and (2) as applied to defendant-appellant, the subject ordinance is unconstitutional because it establishes classifications without substantial relationship to the public health, safety, morals or welfare."

This assignment of error is also well-taken. The elements of the offense were not proven beyond a reasonable doubt.

It is ordered that the defendant's conviction be reversed and that he be discharged.

*Judgment reversed.*

MATIA, P.J., and WILSON, J., concurring.

MARK K. WIEST, J., of the Court of Common Pleas of Wayne County, sitting by assignment in the Eighth Appellate District.

ROGER B. WILSON, J., of the Court of Common Pleas of Champaign County, sitting by assignment in the Eighth Appellate District.